**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 99 ANNUITY FUND; and ALLEN P. DURAND *et al*, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 99 ANNUITY FUND**

05 541 T

**vs.** **C.A. NO.:**

**ROGER JARRET**

**COMPLAINT FOR DECLARATORY RELIEF**

**PARTIES**

1. Plaintiff, International Brotherhood of Electrical Workers Local Union Number 99 Annuity Fund ("Local 99" and "Annuity Fund"), is a defined contribution pension benefit plan governed by the *Employee Retirement Income Security Act of 1974* ("ERISA") (29 U.S.C.S. §1001 *et seq.*), which Annuity Fund is maintained for members of Local 99, a local labor organization representing active and retired electrical workers, with its principal offices located at Ninety-nine Way, in the City of Cranston, County of Providence, State of Rhode Island. Local 99 is a labor organization representing employees in an industry affecting commerce as defined in Sections 501(1), (3) & 2(5) of the *Labor Management Relations Act* ("LMRA") (29 U.S.C.S. §142(1), (3) & 152(5)) and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185).

2. Plaintiffs, Allen P. Durand *et al*, Trustees ("Trustees"), are the trustees of the Local 99 Annuity Fund and as such are fiduciaries with respect to the Annuity Fund, as defined in ERISA. The Trustees bring this action in their official capacities as trustees and fiduciaries on behalf of the plan participants and beneficiaries of the Annuity Fund.

3. Defendant, Roger Jarret, is a resident of the Town of Cumberland, County of Providence, State of Rhode Island, and is a member of Local 99 and a participant in the Local 99 Annuity Fund.

## JURISDICTION

4. Plaintiffs incorporate paragraphs 1 through 3 of this Complaint as if such paragraphs were set forth fully at length herein.

5. This action arises under, and jurisdiction is conferred upon this Court, by virtue of Section 502 of ERISA (29 USCS §1132).

6. Pursuant to Section 502 of ERISA (29 USCS §1132), a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) ***to obtain other appropriate equitable relief*** (i) to redress such violations or (ii) ***to enforce any provisions of this subchapter or the terms of the plan***" (emphasis added).

7. Plaintiffs seek a Declaratory Judgment by this Court pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USCS §2201, which seeks appropriate equitable relief to enforce certain provisions of ERISA and the terms of the Annuity Fund Plan Document concerning participant benefits.

## STATEMENT OF FACTS

8. Plaintiffs incorporate paragraphs 1 through 7 of this Complaint as if such paragraphs were set forth fully at length herein.

9. ERISA governs issues such as funding, benefits vesting, benefits payments, administration, termination, and other aspects with respect to private-sector employee benefit plans (including defined benefit pension plans and defined contribution pension plans), and was enacted to protect the interests of participants in such private-sector employee benefit plans and their beneficiaries.

10. The Annuity Fund is a defined contribution pension plan that provides pension and related benefits for members of Local 99 who qualify as "covered employees" pursuant to the Annuity Fund Plan Document and pursuant to the Collective Bargaining Agreement by and between Local 99 and certain electrical contractors within the jurisdiction of Local 99. The Annuity Fund is funded by contributions made by such electrical contractors on behalf of its covered employees (participants) pursuant to the Collective Bargaining Agreement or one or more Participation Agreements.

11. The Defendant, Roger Jarret, has been an active member of Local 99 and a participant in the Annuity Fund for most if not all of the time period from December, 1973 through the present, and contributions were made on his behalf to the Annuity Fund during this time period.

12. The Plaintiffs, Trustees, have documented that from December, 1973 through March, 1996 contributions made on behalf of the Defendant to the Annuity Fund totaled approximately $122,322.42. Moreover, during the period of time from December, 1973 to March, 1996 interest accrued on the assets in the Defendant's Annuity Fund account.

13. Records that were left by the former Annuity Fund plan administrator, Lamoriello & Company, indicate that the Defendant's Annuity Fund account balance as of January 15, 1996 was approximately $11,508.62.

14. No documentation was left by Lamoriello & Company indicating the reason for the reduction in the Defendant's account balance, and the Plaintiffs, Trustees, believe that Lamoriello & Company's calculations and records were in error.

15. Lamoriello & Company was terminated as plan administrator in 1996 and replaced by Insurance Programmers, Inc.

16. In and around 2003, the Defendant became aware of and contested the calculations and records of his Annuity Fund account balance left by Lamoriello & Company and requested an accounting of his account balance in light of the apparent discrepancy in those records left by Lamoriello & Company, and in following the Plaintiffs, Trustees commenced and performed a thorough investigation to determine the proper total of the Defendant's Annuity Fund account balance.

17. The Plaintiffs, Trustees' investigation included the review and analysis of, among other documents, the Defendant's *National Electrical Benefit Fund* ("NEBF") records, the Defendant's Annuity Fund contribution history, the Defendant's Social Security Administration Itemized Statement of Earnings, and the Defendant's State and Federal income tax returns for the period of 1992 through 2002.

18. None of the records reviewed by the Plaintiffs, Trustees indicated that the Defendant received any distributions from his Annuity Fund account in between December, 1973 and March, 1996, or thereafter for that matter, or that any other account activity occurred during this time period that would explain the reduction in Defendant's Annuity Fund account value stated in the records left by Lamoriello & Company.

19. In addition, at the request of the Plaintiffs, Trustees the Defendant executed an Affidavit stating as follows:

> "I, Roger R. Jarrett, under oath depose and say as follows:
>
> I have not received a distribution of any kind (retirement distribution, unemployment payment, termination benefit, loan, or any other form of payment whatsoever) from the Local Union #99 Annuity Fund."

20. Thus, nothing in the Plaintiffs, Trustees' investigation indicated that the Defendant's Annuity Fund account balance, as of March, 1996, should have totaled any less than the sum of all contributions made on his behalf as of that date, which was approximately $122,322.42, plus interest that would have accrued thereon.

21. In following with the Plaintiffs, Trustees' investigation, and at the request of the Trustees, the Annuity Fund's auditors, Ward, Fisher & Company, LLP, calculated the amount of interest that would have accrued on the reconciled amount of Defendant's Annuity Fund account balance as of 1996, by using the calculation of the present value based on Internal Revenue Service Published Blend Annual Rates for years 1985 through 1996, and by applying a ten (10%) percent rate for years prior to 1985 according to Internal Revenue Service Guidelines.

22. In following with the Plaintiffs, Trustees' investigation, and at the request of the Trustees, Ward, Fisher & Company, LLP then calculated the amount of interest that would have accrued on the reconciled amount of Defendant's Annuity Fund account balance since 1996, including any principal contributions made on Defendant's behalf since 1996, by using the calculation of the present value based on Internal Revenue Service Published Blend Annual Rates for years 1996 through 2005.

23. Using the above-referenced interest rates, Ward, Fisher & Company, LLP determined that the Defendant's reconciled Annuity Fund account balance, including all reconciled principal and interest, would have been in the amount of approximately $246,237.74 as of December 31, 1996; and that after including additional principal contributions made since 1996 on Defendant's behalf and interest accrued from January 1, 1997 through August 31, 2005, the account balance would have been in the amount of approximately $434,896.00 as of August 31, 2005.

24. Following the thorough investigation conducted by the Plaintiffs, Trustees with respect to the Defendant's Annuity Fund account balance, the Plaintiffs, Trustees, concluded that in their opinion the Defendant's account balance should be reconciled, restated, and credited with all contributions made to his account from December, 1973 through March, 1996 in the amount of approximately $122,322.42, plus interest that should have accrued on that total, as calculated by Ward, Fisher & Company, LLP, for a reconciled and restated account balance of approximately $246,237.74 as of December 31, 1996.

25. Following the thorough investigation conducted by the Plaintiffs, Trustees with respect to the Defendant's Annuity Fund account balance, the Plaintiffs, Trustees, concluded that in their opinion the Defendant's account balance should be reconciled, restated, and credited with all additional contributions made to his account from January, 1997 through August 31, 2005, plus interest that should have accrued on that total, as calculated by Ward, Fisher & Company, LLP, for a reconciled and restated TOTAL account balance of approximately $434,896.00 as of August 31, 2005.

26. The Defendant would be entitled to a distribution of some or all of this reconciled and restated account balance upon his eligibility for retirement.

## CAUSE OF ACTION
## PETITION FOR DECLARATORY RELIEF

27. Plaintiffs incorporate paragraphs 1 through 25 of this Complaint as if such paragraphs were set forth fully at length herein.

28. The Plaintiffs, Trustees, desire to accurately and equitably reconcile and restate the Defendant's Annuity Fund account balance to reflect a total of approximately **$246,237.74 as of December 31, 1996** as calculated as explained above, and to further reflect a total of approximately **$434,896.00 as of August 31, 2005** as calculated as explained above.

29. In their desire to accurately and equitably reconcile and restate the Defendant's Annuity Fund account balance, the Plaintiffs, Trustees, also desire to fully comply with the fiduciary obligations set forth in Section 404 of ERISA (29 USCS §1104), which requires them, as fiduciaries, to act with care, skill and prudence solely in the interests of all of the participants and beneficiaries of the Annuity Fund, including the Defendant Jarret, taking into consideration the costs to all other participants and beneficiaries of the Annuity Fund.

WHEREFORE, Plaintiffs hereby pray for the following relief:

(1) A declaration by the Court that, in accordance with their fiduciary obligations as Trustees, the Plaintiffs must reconcile and restate the Defendant's Annuity Fund account balance to reflect a total of **$246,237.74 as of December 31, 1996**, and, after including additional contributions made and interest accrued subsequently, to reflect a total of **$434,896.00 as of August 31, 2005**.

(2) A declaration by the Court that the Plaintiffs have acted with adequate care, skill and prudence solely in the interests of all of the participants and beneficiaries of the Annuity Fund in the performance of their investigation into this matter and in their subsequent calculation of the reconciled and restated amount of contributions and interest that should be credited to the Defendant's Annuity Fund account balance, in the amount of **$246,237.74 as of December 31, 1996**, and, after including additional contributions made and interest accrued subsequently, in the amount of **$434,896.00 as of August 31, 2005**.

(3) Any other and further relief as this Court deems meet and proper.

Plaintiffs,
By their Attorneys,

JOSEPH J. PEZZA #5373
MICHAEL W. MURPHY #5402
RODIO & URSILLO, LTD.
86 Weybosset Street
Suite 400
Providence, RI 02903
Tel: 401-331-6400
Fax: 401-331-0436

DATED: December 27, 2005