**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 99 ANNUITY FUND; and ALLEN P. DURAND *et al*, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 99 ANNUITY FUND**

**vs.** **C.A. NO.: 05-541T**

**ROGER JARRET**

# CONSENT JUDGMENT

Plaintiffs International Brotherhood of Electrical Workers, Local Union #99 Annuity Fund ("Local 99 Annuity Fund") and its Trustees filed their Complaint for a Declaratory Judgment on December 29, 2005. Plaintiffs and Defendant, Roger Jarret, by and through their respective attorneys, have consented to the entry of this Consent Judgment without trial or final adjudication of any issue of fact or law. This Consent Judgment shall not be evidence against or an admission by any party with respect to any issue of fact or law. Therefore, before the taking of any testimony and without trial or final adjudication of any issue of fact or law herein, and upon consent of the parties, it is hereby…

***ORDERED, ADJUDGED, AND DECREED***, as follows:

## I. JURISDICTION

This Court possesses jurisdiction over the subject matter of this action and of each of the parties consenting hereto.

## II. NATURE OF THIS ACTION

### *A. Summary of the Case and Summary of the Applicable Facts.*

Plaintiffs brought an action for a Declaratory Judgment pursuant to the *Employee Retirement Income Security Act of 1974* ("ERISA") in order to effectuate the Plaintiffs' proper crediting of all assets (i.e. employer contributions and interest accrued thereon) belonging to the Defendant, Roger Jarret in his Annuity Fund account, in compliance with Plaintiffs' obligations under ERISA.

Specifically, in and around 2003, the Defendant inquired as to his Annuity Fund account status and became aware of and contested the calculations and records of the assets that were, at that time, credited to his Annuity Fund account. Said account balance had been calculated and recorded by the *former* Local 99 Annuity Fund Administrator, Lamoriello & Company, who had been terminated in 1996. In following, Defendant requested an accounting of his account balance in light of the apparent discrepancy in those records left by Lamoriello & Company.

In following therewith, the Plaintiff Trustees commenced and performed a thorough investigation to determine the proper total of the Defendant's Annuity Fund account balance. The Trustees' investigation involved and determined as follows:

- The Defendant has been an active member of Local 99 and a participant in the Annuity Fund for most if not all of the time period from December, 1973 through the present, and contributions were made on his behalf to the Annuity Fund during this time period.

- The Trustees documented that from December, 1973 through March, 1996 contributions made on behalf of the Defendant to the Annuity Fund totaled approximately ***$122,322.42***, and during that period of time interest accrued on the assets in the Defendant's Annuity Fund account.

- The Trustees determined that the records left by Lamoriello & Company upon its departure in 1996, indicating that the Defendant's Annuity Fund account balance as of January 15, 1996 was approximately ***$11,508.62***, was clearly in error.

- The Trustees directed the Annuity Fund's auditors, Ward, Fisher & Company, LLP, to calculate the amount of interest that would have accrued on the reconciled amount of Defendant's Annuity Fund account balance as of 1996 and again through 2005, when this action was commenced, and the auditors determined that the Defendant's reconciled Annuity Fund account balance, including all reconciled principal and interest, would have been in the amount of approximately ***$246,237.74*** as of December 31, 1996, and would have been in the amount of approximately ***$434,896.00*** as of August 31, 2005.

- The Trustees verified that the Defendant did not receive any distributions from his Annuity Fund account in between December, 1973 and August 31, 2005.

In following with the results of said investigation, the Trustees concluded that in their opinion as fiduciaries of the Annuity Fund, the Defendant's account balance should be reconciled and credited for a restated TOTAL account balance of approximately ***$434,896.00*** as of August 31, 2005. *This amount will be recalculated for contributions made and/or interest accrued since that date.*

***B. Summary of the Legal Claims/Issues.***

The Local #99 Annuity Fund is a defined contribution pension benefit plan governed by ERISA, and the Plaintiff Trustees are charged with the proper administration of the Fund and are subject to the stringent fiduciary obligations imposed upon them by ERISA.

In order to most accurately and equitably reconcile and restate the Defendant's Annuity Fund account balance in accordance with their fiduciary duties, the Plaintiffs:

(1) brought this action pursuant to Section 502 of ERISA (29 USCS §1132), which states that a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) ***to obtain other appropriate equitable relief*** (i) to redress such violations or (ii) ***to enforce any provisions of this subchapter or the terms of the plan***" (emphasis added); and

(2) brought this action in order to comply with their fiduciary obligations set forth in Section 404 of ERISA (29 USCS §1104), which requires them, as fiduciaries, to act with care, skill and prudence solely in the interests of all of the participants and beneficiaries of the Annuity Fund, including the Defendant Jarret.

## III. TERMS OF CONSENT JUDGMENT

1. *Terms.* The Plaintiff Trustees, in their capacities as Trustees and fiduciaries of the Plaintiff Local #99 Annuity Fund, shall reconcile and credit the Defendant, Roger Jarret's Annuity Fund account balance as follows:

- Roger Jarret's account balance shall reflect a restated TOTAL account balance of ***$246,237.74*** as of December 31, 1996,

- Roger Jarret's account balance shall reflect a restated TOTAL account balance of ***$434,896.00*** as of August 31, 2005, and

- Roger Jarret's account balance shall be further credited with any additional contributions made and interest earned thereon from August 31, 2005 to the date of this Judgment.

2. *Costs and Attorneys' Fees.* Each party shall bear their own costs and attorneys' fees.

3. *Completeness.* This Consent Judgment embodies the full terms of the agreement and understanding between the parties related to the subject matter of this action and this Judgment.

4. *Signatories.* Counsel for both parties represent that they are fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind their clients to this Consent Judgment.

5. *Final Disposition.* Plaintiffs and Defendant wish to resolve each and every aspect as set forth in this Consent Judgment.

**IV. APPLICABILITY**

This Consent Judgment shall apply to the parties and to each of their successors and assigns.

**SO ORDERED THIS 20th DAY OF DECEMBER, 2006.**

Ernest C. Torres
Sr. Judge Ernest C. Torres

---

**STIPULATION**

This Consent Judgment in the matter of IBEW, Local #99 Annuity Fund *et al* v. Roger Jarret, Case No. 05-541T, is agreed to and approved by the undersigned, on behalf of their respective clients:

For the Plaintiffs:

Joseph J. Pezza (#5373)
Rodio & Ursillo, Ltd.
86 Weybosset Street
Providence RI 02903

For the Defendant:

Scott J. Partington, Esquire
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 2000
Cumberland, 02864-3805